UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MELISSA COLE RICHARDSON** | * | **CIVIL ACTION NO. 17-0657** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT & RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that the decision of the Commissioner be **REVERSED and REMANDED for further proceedings.**

### Background & Procedural History

Melissa Richardson protectively filed the instant applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income payments on August 11 and 13, 2014, respectively. (Tr. 12, 160-169). She alleged disability as of July 14, 2014, because of heart blockages with stents, asthma, degenerative spine disease, depression, anxiety, allergies, and ringing ears. (Tr. 187, 191). The state agency denied the claims at the initial stage of the administrative process. (Tr. 68-95, 98-104). Thereafter, Richardson requested and received a February 2, 2016, hearing before an Administrative Law Judge ("ALJ"). (Tr. 27-67). However, in a March 28, 2016, written decision, the ALJ determined that Richardson was not disabled under the Social Security Act, finding at step five of the sequential evaluation process that she

was able to make an adjustment to other work that exists in significant numbers in the national economy. (Tr. 9-22). Richardson appealed the adverse decision to the Appeals Council. On March 20, 2017, however, the Appeals Council denied Richardson's request for review; thus the ALJ's decision became the final decision of the Commissioner. (Tr. 1-3).

On May 18, 2017, Richardson sought review before this court. She contends that the ALJ erred in relying on vocational expert testimony to fulfill his step five burden without properly addressing her post-hearing objection to the vocational expert's testimony.

## Standard of Review

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. Substantial evidence lies somewhere between a scintilla and a preponderance. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

**Determination of Disability**

Pursuant to the Social Security Act ("SSA"), individuals who contribute to the program throughout their lives are entitled to payment of insurance benefits if they suffer from a physical or mental disability. *See* 42 U.S.C. § 423(a)(1)(D). The SSA defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Based on a claimant's age, education, and work experience, the SSA utilizes a broad definition of substantial gainful employment that is not restricted by a claimant's previous form of work or the availability of other acceptable forms of work. *See* 42 U.S.C. § 423(d)(2)(A). Furthermore, a disability may be based on the combined effect of multiple impairments which, if considered individually, would not be of the requisite severity under the SSA. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Commissioner of the Social Security Administration has established a five-step sequential evaluation process that the agency uses to determine whether a claimant is disabled under the SSA. *See* 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows,

(1)  An individual who is performing substantial gainful activity will not be found disabled regardless of medical findings.

(2)  An individual who does not have a "severe impairment" of the requisite duration will not be found disabled.

(3)  An individual whose impairment(s) meets or equals a listed impairment in [20 C.F.R. pt. 404, subpt. P, app. 1] will be considered disabled without the consideration of vocational factors.

(4)  If an individual's residual functional capacity is such that he or she can still perform past relevant work, then a finding of "not disabled" will be made.

> (5) If an individual is unable to perform past relevant work, then other factors including age, education, past work experience, and residual functional capacity must be considered to determine whether the individual can make an adjustment to other work in the economy.

See *Boyd v. Apfel*, 239 F.3d 698, 704 -705 (5th Cir. 2001); 20 C.F.R. § 404.1520.

The claimant bears the burden of proving a disability under the first four steps of the analysis; under the fifth step, however, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). If at any point during the five-step review the claimant is found to be disabled or not disabled, that finding is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

## ALJ's Findings

### I. Steps One, Two, and Three

The ALJ determined at step one of the sequential evaluation process that the claimant had not engaged in substantial gainful activity during the relevant period. (Tr. 14). At step two, he found that the claimant suffered severe impairments of anxiety disorder, an affective disorder, ischemic heart disease, and osteoarthritis. (Tr. 14-15).[1] The ALJ concluded, however, that the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4, at step three of the process. (Tr. 15-17).

### II. Residual Functional Capacity

The ALJ next determined that the claimant retained the residual functional capacity

---

[1] He further found that the claimant's medically determinable impairments of degenerative disc disease, hyperlipidemia, migraines, vertigo, and a history of epilepsy to be non-severe. *Id*.

("RFC") to perform light work,[2] except that she was limited to occasional climbing of ramps/stairs (but no climbing of ladders, ropes, or scaffolds); occasional balancing, stooping, kneeling, crouching, or crawling; the need to avoid concentrated exposure to fumes, dusts, odors, gases and poor ventilation; the need to avoid concentrated exposure to extreme cold; limited to simple, routine, repetitive work; limited to simple work-related decisions; and work requiring only occasional interaction with supervisors, coworkers, and the general public. (Tr. 23-27).

### III.    Steps Four and Five

At step four, the ALJ employed a vocational expert ("VE") to find that Richardson was unable to perform her past relevant work. (Tr. 20-21). Accordingly, he proceeded to step five. At this step, the ALJ determined that the claimant was an individual closely approaching advanced age, with at least a high school education, and the ability to communicate in English. (Tr. 21-22). Transferability of skills was not material to the decision. *Id*.

The ALJ then observed that given the claimant's vocational factors, and if she had an RFC that did not include any non-exertional limitations, the Medical-Vocational Guidelines would direct a finding of not disabled. 20 C.F.R. § 404.1569; Rules 202.14, Table 2, Appendix 2, Subpart P, Regulations No. 4. (Tr. 21-22). However, because the claimant's RFC included

---

[2] Light work entails:
> . . . lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

non-exertional limitations, the ALJ consulted the VE to determine whether, and to what extent the additional limitations eroded the occupational base for sedentary work. *Id*. In response, the VE identified the representative jobs of housekeeper, *Dictionary of Occupational Titles* ("DOT") Code # 323.687-014; and price marker, DOT Code # 209.587-034, that were consistent with the ALJ's RFC and the claimant's vocational profile. (Tr. 21-22, 64).[3]

## Analysis

Plaintiff contends that the ALJ committed reversible error in his step five determination because he failed to address plaintiff's post-hearing objection to the vocational expert ("VE") testimony, which included rebuttal evidence in the form of a statement from Paula Santagati, a Senior Vocational Rehabilitation Counselor Employment Specialist retained by plaintiff. *See* Tr. 239-245.[4]

At the time of the ALJ's decision, the Commissioner's Hearings, Appeals and Litigation Law Manual ("HALLEX"), required the ALJ to "rule on the objection and discuss any ruling in the decision." (HALLEX § I-22-5-55 (2016)).[5] Furthermore, conflicts in the evidence,

---

[3] The VE testified that for the housekeeper job, there existed 144,411 positions nationally and 2,135 in Louisiana. (Tr. 64). For the price marker job, there were 332,600 positions nationwide, and 4,068 in Louisiana. *Id*.
    This incidence of work constitutes a significant number of jobs in the "national economy." 42 U.S.C. § 423(d)(2)(A); *Johnson v. Chater*, 108 F.3d 178, 181 (8th Cir. 1997) (200 jobs at state level and 10,000 nationally, constitute a significant number).

[4] Ms. Santagati opined that an RFC that included a limitation to occasional interaction with coworkers and supervisors (such as that adopted by the ALJ in this case) would preclude the ability to perform *all* work, because for any job, the requisite training and probationary periods would necessitate more than occasional interaction with co-workers and supervisors. (Tr. 243-244).

[5] Apparently, HALLEX § I-2-5-55 was rescinded in June 2016 – after the date of the ALJ's decision. However, HALLEX § I-2-6-74(B) replaced § I-2-5-55, and it too requires the ALJ to rule on objections.

including conflicts between two vocational experts, are to be resolved by the Commissioner, not by the courts. *Skinner v. Shalala*, 47 F.3d 424, 1995 WL 71092(5th Cir.1995) (unpubl.) (citation omitted).

It is clear that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required. If prejudice results from a violation, the result cannot stand." *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (citations and internal quotation marks omitted). Similarly, an ALJ's omission does not require remand unless it affected the claimant's substantial rights. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

In this case, plaintiff introduced evidence at the administrative level that, if credited, would have compelled a finding that she was disabled. However, neither the ALJ nor the Appeals Council addressed plaintiff's objection to the testimony of the VE, or otherwise resolved the conflict between the VE's testimony and the statement issued by Paula Santagati. Under the circumstances, the court cannot conclude that the Commissioner's error was harmless, i.e., that it did not affect the claimant's substantial rights. Reversal and remand is required. *See Audler, supra*.[6]

---

[6] To be sure, plaintiff's representative at the administrative level has used a similar statement from Ms. Santagati in other cases with, at best, mixed success. In those cases, however, the Commissioner addressed, or at least tangentially acknowledged, the contrary evidence in her decision. *See e.g., Lara v. Berryhill*, No. 17-0077, 2017 WL 7790109, at *9 (S.D. Tex. Dec. 4, 2017), R&R adopted, 2018 WL 1027764 (S.D. Tex. Feb. 21, 2018); *Rosado v. Berryhill*, No. 16-0173, 2018 WL 816578, at *14 (E.D. Va. Jan. 22, 2018), R&R adopted, 2018 WL 813891 (E.D. Va. Feb. 9, 2018); and *Kidd v. Berryhill*, No. 17-0420, 2018 WL 3040894, at *11 (E.D. Ky. June 19, 2018) (the ALJ rationally determined to credit the VE's impartial, expert opinion over Santagati's generalized, non-specific report which expressed an extreme, outlier view (with no record or evidentiary support) that an "occasional interaction" limitation alone "precludes all work.").

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before a final ruling issues.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 23rd day of July 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE